JUDGE PAULEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

ARMEN DJERRAHIAN, 

                    Plaintiff,

   -against-

THE SOURCE.COM, LLC, and
THE NORTHSTAR GROUP d/b/a
THE SOURCE

                    Defendants.
------------------------------------------------------------x

**COMPLAINT**



      Plaintiff, ARMEN DJERRAHIAN, by his attorneys, EDWARD C. GREENBERG, LLC alleges as follows:

**PARTIES**

    1.    Plaintiff ARMEN DJERRAHIAN (hereinafter "Plaintiff" or "DJERRAHIAN") is an individual citizen of France, who is actively engaged in the photography business in the State of New York and elsewhere, and who resides in Brooklyn, New York 11222.

    2.    Defendant THE SOURCE.COM, LLC (hereinafter "SOURCE") is a domestic limited liability company duly organized and existing under the laws of the State of New York, with an address to do business at 29 West 46th Street, 3rd Floor, New York, NY 10036.

    3.    Defendant THE NORTHSTAR GROUP d/b/a THE SOURCE (hereinafter "NORTHSTAR"), is upon information and belief a domestic business entity, authorized to do business in the state of New York with an address to do business at 29 West 46th Street, 3rd Floor, New York, NY 10036.

4. Upon information and belief, the defendants SOURCE and NORTHSTAR are inextricably intertwined and are treated for the purposes of this complaint, as a single entity and hereafter each referred to as "defendants".

## JURISDICTION AND VENUE

5. This is a civil action for copyright infringement.

6. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1338.

7. Venue in the Southern District of New York is proper pursuant to 28 U.S.C. § 1400.

## FACTS COMMON TO ALL CLAIMS

8. That Plaintiff DJERRAHIAN is a successful professional photographer with many years of experience and a considerable reputation.

9. DJERRAHIAN is well known in the hip hop music business, as he has worked with major artists including Jay-Z, Usher, 50 Cent, Eminem, Kanye West, Rick Ross and director Spike Lee.

10. DJERRAHIAN's work has been featured on the covers of several issues of Vibe Magazine, and on The Wild Magazine, XXL Magazine, and numerous international publications.

11. DJERRAHIAN has shot and directed music videos and commercials, including a music video featuring R&B recording artist Melanie Fiona, which received a nomination for [Best] "Video of the Year" at the 2010 BET Awards.

12. DJERRAHIAN is also a successful fashion photographer who has shot photos for Shinola, Cazal Eyewear, Nike, Fila, Reebok, Marc Ecko, and commercials for Elle Magazine, Revlon, Van Cleef & Arpels, and Piaget.

## THE IMAGES

13. On May 17, 2010, DJERRAHIAN shot images of the performer, rapper and mogul, William Leonard Roberts III, better known as "Rick Ross" (hereinafter "Ross") for XXL Magazine, which were published in the July/August 2010 issue of XXL Magazine.

14. One of such images of Ross captures him holding his hand in the shape of a gun to his head (hereinafter the "Ross Image", a copy of which is annexed hereto as **Exhibit "A"**).

15. DJERRAHIAN is well known as the creator of the Ross Image, having been credited for same when the Image was originally published in XXL Magazine.

16. Upon information and belief, defendants knew, by actual and/or constructive knowledge, that plaintiff was the creator of the Ross Image.

17. DJERRAHIAN duly registered the Ross Image with the United States Copyright Office on April 4, 2014, Registration No. VA 1-908-336 (a copy of said registration is annexed hereto within **Exhibit "A"**).

18. On June 27, 2012, DJERRAHIAN shot images of Ross and other members of the record label imprint Maybach Music Group, Gunplay, Meek Mill, Omarion, Stalley, and Wale. A portion of such images were published in the August/September 2012 issue of Vibe Magazine.

19. One of such images of the hip hop recording artist Richard Morales, Jr, better known as "Gunplay", captures him holding his shirt jacket partially open to reveal his chest and with an energetic look on his face (hereinafter the "Gunplay Image", a copy of which is annexed hereto within **Exhibit "B"**).

20.  DJERRAHIAN is well known as the creator of the Gunplay Image, having been credited for same when the Image was originally published in Vibe Magazine.

21.  Upon information and belief, defendants knew, by actual and/or constructive knowledge, that plaintiff was the creator of the Gunplay Image.

22. DJERRAHIAN duly registered the Gunplay Image with the United States Copyright Office on December 25, 2013, Registration No. VA 1-899-797 (a copy of said registration is annexed hereto as **Exhibit "B"**).

23.  The Gunplay Image and Ross Image shall hereinafter be referred to collectively and interchangeably as the Subject Images.

24.  Ross has sold millions of albums and has had at least five (5) albums reach #1 on the Billboard music charts.

25.  Ross is the founder and head of the record label imprint Maybach Music Group, also known as "MMG".

26.  MMG is home to artists including Gunplay.

27.  MMG has released at least six solo and two compilation albums, including three certified Gold albums.  MMG is, upon information and belief, based in the State of Florida, but regularly does business in the State of New York.

28.  Gunplay is a hip hop recording artist who has released several mixtapes, as well as the studio albums "Medellin" and "Living Legend".

29.  The Subject Images of Ross and Gunplay are iconic in the hip hop community.

30.  Upon information and belief, various blogs referring to Ross have purposely selected the Ross Image of him due at least in part to its value and attention getting

nature.

31. Upon information and belief, various blogs referring to Gunplay have purposely selected the Gunplay Image of him due at least in part to its value and attention getting nature.

32. The Subject Images creatively capture the personalities of Ross and Gunplay, respectively.

33. Upon information and belief, since the Ross Image's creation, the Image has helped to shape and form Ross' "brand" in the hip hop music community.

34. Each of the Subject Images are important elements of hip hop music culture.

35. The Ross Image is upon information and belief, the definitive image of Ross.

36. TMZ has touted the Ross Image as "iconic".

37. The Image of Gunplay is upon information and belief, the definitive image of Gunplay.

38. Defendants NORTHSTAR and SOURCE operate the website www.thesource.com, a website publishing news and content about aspects of hip hop culture including information pertaining to the lives of celebrities, music, sneakers, sports, style, art/design, and news.

39. Defendants disseminate entertainment, news and information by way of magazine, website, and other media.

40. Defendant(s)' target audience or demographic is "urban" and it purports to cover urban culture including rap and hip hop music as well as other forms of entertainment and news of interest to its predominantly urban audience.

41. Defendants have employed the Subject Images in multiple forms on its

website without a license authorization or consent.

42. The Subject Images are valuable to Defendants.

### THE OFFENDING USES OF THE IMAGES

43. Defendants have employed DJERRAHIAN's Ross Image at least on its website www.thesource.com, under the heading "Rick Ross Reveals The Artwork For The Deluxe Editon of 'Mastermind' ", a copy of which is annexed hereto as **Exhibit "C"**.

44. Defendants have also employed DJERRAHIAN's Ross Image at least on its website www.thesource.com, under the heading "This is Not Another Rick Ross x Trayvon Martin 'Think Piece' ", a copy of which is annexed hereto as **Exhibit "C"**.

45. DJERRAHIAN **has never** granted either of defendants any license, nor provided authorization or consent to either of defendants to use the Ross Image in any media whatsoever.

46. Defendants have employed DJERRAHIAN's Gunplay Image at least on its website www.thesource.com, under the heading "Behind the Scenes With Gunplay x Matty Raw", a copy of which is annexed hereto as **Exhibit "D"**.

47. Defendants never sought nor obtained a license by DJERRAHIAN to use either of the Subject Images as complained of herein.

48. Pursuant to Federal Rule 11, Plaintiff has sought to obviate the filing of suit.

49. On May 15, 2014, DJERRAHIAN, by his counsel, sent a written notice letter to SOURCE, addressed to the address listed for it on the New York Department of State website, 215 Park Avenue South, 11th Floor, New York, New York 10003, advising

it, inter alia, to remove our client's image from its website, www.thesource.com, that its uses of the Subject Images were in violation of DJERRAHIAN's copyright, and that it has no right to use Subject Images in any way, shape or form.

50. On May 15, 2014, DJERRAHIAN, by his counsel, sent a written notice letter to SOURCE, addressed to another address believed to be valid for SOURCE, 28 West 23rd Street, New York, New York 10010, advising it, inter alia, to remove our client's image from its website, www.thesource.com, that its uses of the Subject Images were in violation of Plaintiff's copyright, and that it has no right to use Subject Images in any way, shape or form.

51. That both letters to SOURCE that were sent on May 15, 2014, were returned to sender as 'undeliverable'.

52. On July 11, 2014, DJERRAHIAN, by his counsel, sent a written notice letter by hand delivery and by email to The Northstar Group, addressed to its general counsel, CEO and majority shareholder L. Londell McMillan (hereinafter the "July 11, 2014 Notice Letter", a copy of which is annexed hereto as **Exhibit "E"**, sans its exhibits which are elsewhere annexed to this Complaint).

53. The July 11, 2014 Notice Letter advised defendants, inter alia, to remove our client's image from its website, www.thesource.com, that its uses of the Subject Images were in violation of DJERRAHIAN's copyright, and that it has no right to use Subject Images in any way, shape or form.

54. The July 11, 2014 Notice Letter further sought a disclosure from defendants of the full nature and extent of its unauthorized uses of the Subject Images so

that Plaintiff could in good faith formulate a reasonable fee to compensate him for the unauthorized uses.

55. That Defendants responded to the July 11, 2014 Notice Letter, but notwithstanding, the parties have been unable to come to a resolution sans judicial intervention.

56. Plaintiff has sought to obviate judicial intervention and the filing of suit. Such efforts have gone without success.

57. That defendants, or one or more of them, have apparently removed the Subject Images from www.thesource.com.

58. That the full nature and extent of all infringing uses of plaintiff's Subject Images by defendants are unknown to Plaintiff as of this writing, said information being within the sole knowledge, custody, and control of Defendants. That such details and information are expected to be ascertained through discovery in this action.

59. Defendants have failed to provide any compensation to Plaintiff for its uses of the Subject Images without a license, authorization or consent, in violation of the exclusive rights granted to Plaintiff as the copyright holder.

60. Upon information and belief defendant(s) are a sophisticated licensors and licensees of intellectual property and know that it/they must obtain the rights to intellectual property created by third parties prior to each of their use of same.

61. Upon information and belief, defendants, or one or more of them, failed to adhere to the procedures and protocols necessary for it to obtain the rights to uses the Subject Images prior to its uses of same.

62. Plaintiff is committed to protecting his copyright in the Subject Image.

63. Plaintiff has filed an action against Ross and others in the United states District Court for the Southern District of New York, index number 14-cv-3291, before Judge Oetken, sounding in copyright infringement, based on allegations of their unauthorized uses of the Subject Image and other Images taken by Plaintiff.

64. That the Defendants have no defenses at law to the claims set forth herein.

65. Paragraphs "1" through "64" are incorporated by reference with respect to each of the below claims for relief.

### FIRST CLAIM FOR RELIEF
Copyright Infringement – Ross Image
Under Section 501 of the Copyright Act

66. That the use of the Plaintiff's Ross Image by the Defendants, or one or more of them, in connection with the website, www.thesource.com, was and is without the plaintiff's authorization, license or consent.

67. The Defendants, or one or more of them, have infringed the copyright in the Ross Image.

68. The acts of the Defendants, or one or more of them, constitute federal statutory copyright infringement under Section 501 of the Copyright Act in violation of the rights granted to DJERRAHIAN as copyright holder.

69. That the use of each image by each defendant constitutes a separate and distinct act of copyright infringement.

70. That, upon information and belief, Defendant(s)' uses of the Ross Images were willful, intentional, malicious, and in bad faith.

71. That, upon information and belief, defendant(s)' uses of the Ross Image in violation of Plaintiff's copyright were negligent in that it knew or should have known that it was without a license for the use(s) complained of herein.

72. Upon information and belief, defendants, or one or more of them, had actual and/or constructive knowledge and/or through the exercise of ordinary business care and/or the examination of public records, knew or should have known that Plaintiff held the copyright in the Ross Image, that defendant(s) never had a license, consent, or authorization by Plaintiff for the uses of Plaintiff's Ross Image on its website or in any other medium employed by defendants, or one or more of them, and that any such use would be in violation of Plaintiff's copyright.

73. Plaintiff is a professional photographer who earns his livelihood by licensing rights to third parties to employ his photographic images.

74. That as a result of Defendant(s)' acts, Plaintiff has been and will continue to be damaged in an amount as yet to be determined.

75. That as a result of defendant(s)' copyright infringement of Plaintiff's Ross Image, Plaintiff is entitled to damages, attorneys' fees and costs under Section 504 and 505 of the Copyright Act, 17 U.S.C. Section 101 et., seq., and as an alternative to statutory damages, Plaintiff, at his election prior to judgment is entitled to recover his actual damages and any additional profits of the defendants, attributable to the infringement as under 17 U.S.C. Sections 504 (a)-(b).

## SECOND CLAIM FOR RELIEF
Copyright Infringement – Gunplay Image
Under Section 501 of the Copyright Act

76. That the use of the Plaintiff's Gunplay Image by the Defendants, or one or more of them, in connection with the website, www.thesource.com, was and is without the plaintiff's authorization, license or consent.

77. The Defendants, or one or more of them, have infringed the copyright in Plaintiff's Gunplay Image.

78. The acts of the Defendants, or one or more of them, constitute federal statutory copyright infringement under Section 501 of the Copyright Act in violation of the rights granted to DJERRAHIAN as copyright holder.

79. That the use of each image by each defendant constitutes a separate and distinct act of copyright infringement.

80. That, upon information and belief, Defendant(s)' uses of the Gunplay Images were willful, intentional, malicious, and in bad faith.

81. That, upon information and belief, defendant(s)' uses of the Gunplay Image in violation of Plaintiff's copyright were negligent in that it knew or should have known that it was without a license for the use(s) complained of herein.

82. Upon information and belief, defendants, or one or more of them, had actual and/or constructive knowledge and/or through the exercise of ordinary business care and/or the examination of public records, knew or should have known that Plaintiff held the copyright in the Gunplay Image, that defendant(s) never had a license, consent, or authorization by Plaintiff for the use of the Gunplay Image on its website or in any other

medium employed by defendants, or one or more of them, and that any such use would be in violation of Plaintiff's copyright.

83. Plaintiff is a professional photographer who earns his livelihood by licensing rights to third parties to employ his photographic images.

84. That as a result of Defendant(s)' acts, Plaintiff has been and will continue to be damaged in an amount as yet to be determined.

85. That as a result of defendant(s)' copyright infringement of Plaintiff's Gunplay Image, Plaintiff is entitled to damages, attorneys' fees and costs under Section 504 and 505 of the Copyright Act, 17 U.S.C. Section 101 et., seq., and as an alternative to statutory damages, Plaintiff, at his election prior to judgment is entitled to recover his actual damages and any additional profits of the defendants, attributable to the infringement as under 17 U.S.C. Sections 504 (a)-(b).

## JURY DEMAND

51. That Plaintiff requests a trial by jury of all issues.

**WHEREFORE**, plaintiff demands judgment as against the defendant as follows:

**ON THE FIRST CLAIM-** (A) Award to plaintiff his actual damages incurred as a result of defendants infringements, and all profits realized as a result of their infringements, in amounts to be determined at trial; or (B) in the alternative, at plaintiff's election, award to plaintiff maximum statutory damages pursuant to 17 U.S.C. § 504 for each individual act of infringement, and for an order of injunction permanently enjoining and prohibiting the defendant, including but not limited to wholly owned subsidiaries, from employing or utilizing in any manner or media whatsoever, including all future uses, sales, transfers, assignments, or licensing of any and all of plaintiff's copyrighted

Image, pursuant to 17 U.S.C. § 502 and for an award of costs and attorneys' fees pursuant to 17 U.S.C. § 505;

**ON THE SECOND CLAIM-** (A) Award to plaintiff his actual damages incurred as a result of defendants infringements, and all profits realized as a result of their infringements, in amounts to be determined at trial; or (B) in the alternative, at plaintiff's election, an award to plaintiff maximum statutory damages pursuant to 17 U.S.C. § 504 for each individual act of infringement, and for an order of injunction permanently enjoining and prohibiting the defendant, including but not limited to wholly owned subsidiaries, affiliates and assigns, from employing or utilizing in any manner or media whatsoever, including all future uses, sales, transfers, assignments, or licensing of any and all of plaintiff's copyrighted Image, pursuant to 17 U.S.C. § 502 and for an award of costs and attorneys' fees pursuant to 17 U.S.C. § 505;

Prejudgment interest on all sums due;

And such other and further relief as this Court may deem just and proper inclusive of any and all relief or remedies allowable by the statutes referenced above or applicable hereinabove.

Dated: New York, NY
October 10, 2014

Yours, etc.,
EDWARD C. GREENBERG, LLC.

By: Edward C. Greenberg, Esq. (ECG 5553)
By: Tamara L. Lannin, Esq. (TL 3784)
570 Lexington Ave., 19th Floor
New York, NY 10022
Tel: (212) 697-8777
Fax: (212) 697-2528
*Attorneys for Plaintiff*